IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

MARVIN L. MONROE,

        Defendant.

Case No. 94-cr-40010-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Marvin Monroe's *pro se* motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guideline Manual ("U.S.S.G.") § 1B1.10 (Doc. 211) and his counsel's similar motion (Doc. 220). The government has responded to the motions (Doc. 222), and Monroe has objected to the government's response as untimely (Doc. 223). The Court considers Monroe's objection as a reply to the government's response.

As a preliminary matter, the Court will deny Monroe's request to disregard the government's untimely brief. Disregarding that brief is unnecessary as it only serves to point out what the Court is already able to discern without it. Furthermore, objection to a sentence reduction under § 3582(c)(2) on eligibility grounds is not the government's to waive. As explained below, a defendant's eligibility for a reduction is a jurisdictional issue that the Court must decide regardless of the government's objection or lack thereof. The Court now turns to Monroe's pending motions.

A jury convicted Monroe of one count of conspiring to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count 1) and one count of using a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count 2). At sentencing, the Court found by a preponderance of the evidence that Monroe's relevant conduct was at least 15 kilograms but less than 50 kilograms of

"cocaine (and its equivalent in cocaine base)." The Court determined that Monroe's base offense level for Count 1 was 34 under U.S.S.G. § 2D1.1(c)(6), point 2,[1] ("At least 15 KG but less than 50KG of Cocaine (or the equivalent amount of other Schedule I or II Stimulants)"). It did not distinguish the powder cocaine from the crack cocaine, and it did not convert the powder cocaine and crack cocaine into marihuana equivalency units ("MEUs"). Essentially, it ignored the fact that some of Monroe's relevant conduct was crack cocaine and could have resulted in a higher base offense level. The Court also found by a preponderance of the evidence that Monroe obstructed justice by threatening or attempting to influence a co-defendant and potential witness and that his offense level should therefore be increased by two points under U.S.S.G. § 3C1.1, yielding a total offense level of 36. Considering Monroe's criminal history category of II, this yielded a guideline sentencing range of 210 to 262 months in prison on Count 1. The Court sentenced Monroe to serve 240 months in prison on Count 1 (a mid-range sentence) plus 60 consecutive months on Count 2, for a total of 300 months in prison.

On appeal, Monroe's conviction on Count 2 was reversed in light of *Bailey v. United States*, 516 U.S. 137 (1995), which reexamined what it meant to "use" or "carry" a firearm in the context of 18 U.S.C. § 924(c). At his resentencing on Count 1, the Court found that a dangerous weapon was possessed during the offense and that Monroe's offense level for Count 1 should therefore be increased by an additional two points under U.S.S.G. § 2D1.1(b)(1), yielding a total offense level of 38.[2] The Court again calculated Monroe's base offense level under U.S.S.G. § 2D1.1(c)(6), point 2, ("At least 15 KG but less than 50KG of Cocaine (or the equivalent amount of other Schedule I or II

---

[1]Unless otherwise noted, the references to the guidelines in this order are to the 1993 United States Sentencing Guidelines Manual.

[2]This enhancement did not pose double jeopardy problems in light of the fact that Count 2 had been vacated as long as Monroe's new sentence was not greater than his original sentence. *See United States v. Smith*, 103 F.3d 531, 535 (7th Cir. 1996).

2

Stimulants)").  In light of his new offense level of 38, Monroe's sentencing guideline range on Count 1 was 262 to 327 months in prison.  Again, the Court sentenced Monroe to serve 300 months (still a mid-range sentence).  Monroe now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria to show that he is eligible for a reduction:  (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.  If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request.  *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008);  *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied*, 129 S. Ct. 2817 (2009).

Monroe was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  18 U.S.C. § 3582(c)(2).  Monroe was sentenced based on the base offense levels set forth in U.S.S.G. § 2D1.1(c)(6), point 2, *for powder cocaine*.  Although this was probably in error – the Court should have segregated Monroe's powder cocaine relevant conduct from his crack cocaine relevant conduct and converted both to MEUs – this sentence reduction proceeding is not a resentencing, and the Court has no authority to correct its prior errors.  *See Dillon v. United States*, 130 S. Ct. 2683, 2692 (2010).

*Dillon* held that "a court proceeding under § 3582(c)(2) 'shall substitute' the amended Guidelines range for the initial range 'and shall leave all other guideline application decisions unaffected.'" *Id.* (quoting U.S.S.G. § 1B1.10(b)(1)). Thus, this Court is stuck now with the finding that Monroe's relevant conduct is at least 15 kilograms but less than 50 kilograms of "cocaine (and its equivalent in cocaine base)."

The 2007 and 2008 guideline amendments did not change the guideline used (perhaps erroneously) to sentence Monroe. Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine. It accomplished this by amending the provisions that established base offense levels for "Cocaine Base," but not the provisions that established base offense levels for "Cocaine (or the equivalent amount of other Schedule I or II Stimulants)." U.S.S.G. Supp. App. C, Am. 706. Amendment 715, effective May 1, 2008, further amended the commentary to U.S.S.G. § 2D1.1 by revising the manner in which offense levels are determined in cases involving crack cocaine in combination with other controlled substances via MEU conversions. There has been no corresponding reduction for offense levels associated with "Cocaine (or the equivalent amount of other Schedule I or II Stimulants)" under which Monroe was sentenced. Thus, Monroe's sentencing range has not been lowered following his sentence, and he does not satisfy the first criterion under 18 U.S.C. § 3582(c)(2).

Monroe apparently believes that because the Court's relevant conduct finding referred to crack cocaine, he is *ipso facto* eligible for a sentence reduction. This argument elevates form over substance and appearance over reality. In truth, the Court sentenced Monroe based on the guideline applicable to powder cocaine, and its reference to crack cocaine in its relevant conduct finding does not change this undeniable fact. The guidelines relating to powder cocaine have not been altered.

4

Even if Monroe were eligible for a sentence reduction, his is not the type of sentence for which one is warranted. The guideline amendments were designed to alleviate the disparity produced by the 100-to-1 drug quantity ratio between crack cocaine and powder cocaine sentences by bringing crack cocaine sentences closer to – but not completely even with – powder cocaine sentences. *See* U.S.S.G. Supp. App. C, Am. 706, Reason for Amendment. Monroe has already received the benefit intended to be conferred by the amendments – and possibly much more. His sentence effectively treated any crack cocaine within his relevant conduct *exactly like* powder cocaine for sentencing purposes. There is no justification for a further reduction.

Because Monroe cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court does not have subject matter jurisdiction to consider his reduction request. *See Forman*, 553 F.3d at 588; *Lawrence*, 535 F.3d at 637-38. The Court therefore **DISMISSES** Monroe's motions for a sentence reduction (Docs. 211 & 220) for **lack of jurisdiction**.

**IT IS SO ORDERED.**
**DATED: September 9, 2010**

<u>s/ J. Phil Gilbert</u>
**J. PHIL GILBERT**
**DISTRICT JUDGE**

5